UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. WILLIAMS,

    Plaintiff,

v.

BRUCE GAGE, et al.,

    Defendants.

CASE NO. 3:17-cv-06076-RBL-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff James A. Williams, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by April 20, 2018, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff is a state prisoner currently incarcerated at the Monroe Correctional Complex ("MCC"). His complaint alleges that he is suffering from "SHU Syndrome," a condition in which a person's preexisting mental illness, such as schizophrenia, is aggravated exponentially by the isolation and lack of stimulation while housed in administrative segregation ("ad-seg").

*See* Dkt. 10 at 4-5. He lists a number of mental illnesses and symptoms from those mental illnesses he is currently suffering from (*see id.* at 5-7) and alleges the conditions of ad-seg have caused him to harm himself, he has been subjected to physical abuse by prison staff, and, his exacerbated mental health symptoms – caused by the conditions of ad-seg itself – don't allow him to complete the requirements to return to general population, forcing him to remain in isolation indefinitely (*id.* at 7-9). He also states fifteen "grounds" for relief and names as Defendants corrections staff as well as administrators and medical staff from the Stafford Creek Corrections Center ("SCCC"), MCC, and the Washington Department of Corrections ("DOC") headquarters in Olympia. *See generally* Dkt. 10. He requests that the Court order him to be returned to general population or, in the alternative, to be assigned to "a more mental health friendly solitary" such as the "Intensive Treatment Unit." *Id*. at 12.

**DISCUSSION**

**I.      Amended Complaint**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(e).

Here, Plaintiff has filed a 51 page complaint generally arguing he is being unlawfully held in isolation. However, he appears to name corrections officers as well as administrators, doctors, and other medical staff from MCC, SCCC, and DOC headquarters in Olympia. He

intermingles several causes of action, in some places arguing he is being denied basic living conditions such as functioning plumbing, in others arguing he is being targeted and discriminated against, and in yet others arguing Defendants are denying him access to medical care. It is not clear whether his challenges are limited to one prison location or whether his claims occurred in multiple locations. Further, though he sets out several cognizable claims, those claims are couched in numerous pages of unnecessary narrative. Because of the volume and intermingling of allegations, "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220, *1 (E.D. Cal. May 4, 2005). Therefore, Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

## II. Request for Clarification

Plaintiff has also filed a request for clarification, asking the Court to explain why, if he is housed at the Monroe Correctional Complex, his case is being processed by the District Court at Tacoma. Dkt. 8. The Court grants this request and provides the following explanation:

Under Local Rule 4, cases are assigned to either the Seattle or Tacoma Divisions of the Western District of Washington based on where defendants reside or where the alleged claims arose. LCR 4(e)(1). As noted above, Plaintiff has included claims that arose at SCCC as well as defendants who reside in Olympia, both of which are within the Tacoma Division's purview. Hence, the case was properly assigned to this Division. Therefore, the Court declines to transfer the case at this time.

### III. Instructions to Plaintiff and Clerk

Plaintiff shall present an amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

In the amended complaint, Plaintiff should allege only the constitutional violations arising from a single transaction or occurrence. For example, he should only include claims that arose at SCCC if they were a single set of circumstances. If he desires to raise additional claims that are unrelated to the single transaction at SCCC, he should file a separate lawsuit. Similarly, if he wants to bring claims that arose at MCC or DOC in Olympia, rather than SCCC he should file a separate lawsuit.

The amended complaint shall not exceed twenty-one (21) pages absent leave of Court and upon a showing of good cause.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before April 20, 2018, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

1     The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

    Dated this 21st day of March, 2018.

David W. Christel
United States Magistrate Judge